UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD R. BLACKSTON[1],

    Plaintiff,                                  Hon. Sally J. Berens

v.                                                      Case No. 1:19-cv-541

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## **OPINION**

Plaintiff, Richard Blackstone, filed a pro se complaint seeking judicial review of a final decision of the Commissioner of Social Security. The three-paragraph form complaint does not specify the type of benefits Plaintiff seeks, but the last paragraph states that "[t]he plaintiff has exhausted his administrative remedies in this matter and this court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g)." (ECF No. 1 at PageID.2.)

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. (ECF No. 8.) Plaintiff has filed a response. (ECF No. 12.)

For the reasons that follow, the Court will grant Defendant's motion.

---

[1] Plaintiff is incorrectly identified on the docket as Richard Ray Blackstone. The Court directs the Clerk to amend the docket report to reflect Plaintiff's correct name, Richard Ray Blackston.

**Background**

Although it is far from clear, Plaintiff's complaint and his response to Defendant's motion suggest that Plaintiff seeks survivor's benefits on the record of his father, Billie Blackstone. (ECF No. 1 at PageID.1; ECF No.12 at PageID.126–27.)

According to Defendant's evidence, on June 9, 2010, Administrative Law Judge Scott M. Staller issued a decision finding that Plaintiff had been disabled beginning March 31, 2006. (ECF No. 8-1.) Accordingly, Plaintiff was awarded Supplemental Security Income. Pursuant to 20 C.F.R. §§ 404.1594 and 416.994, the Social Security Administration (SSA) conducted a continuing disability review in 2016 and determined that Plaintiff's disability was continuing. (ECF No. 8-2 at PageID.102; ECF No. 8-3 at PageID.110.) On December 19, 2018, the SSA sent Plaintiff notice that it would not be reviewing his case at that time. (ECF No. 1-1 at PageID.47.) On March 2, 2019, the SSA notified Plaintiff of the termination of his "Extra Help with Medicare Prescription Drug Plan Costs." (ECF No. 8-4 at PageID.117.) The notice contained instructions for appealing the decision if Plaintiff disagreed with it. (*Id.* at PageID.118.)

In connection with this case, Plaintiff has submitted an affidavit from his father, Billie Blackston. (ECF No. 5.) SSA records reflect that Billie Blackstone is not deceased. (ECF No. 8-5.) For purposes of Plaintiff's apparent claim of survivor's benefits, the SSA has not received information that Billie Blackston is deceased.

**Motion Standard**

A motion under Rule 12(b)(1) for lack of jurisdiction may be brought either as a facial attack or a factual attack. *Gentek Bldg. Prods. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court

> takes the allegations of the complaint as true. If those allegations establish federal claims, jurisdiction exists.

*Id.* (citations omitted). On the other hand, when a motion presents matters outside the pleadings in an attack on jurisdiction, the district court may make factual findings to resolve the dispute. *Lovely v. United States*, 570 F.3d 778, 781–82 (6th Cir. 2009); *see also Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2007) ("When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter."). Because Defendant's motion presents matters outside the record, the motion presents a factual attack.

## Discussion

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides, in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that phrase is not defined in the statute. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). However, the regulations provide that a claimant must complete a four-step process to obtain a judicially-reviewable final decision. *See* 20 C.F.R. §§ 404.900(a)(1)–(4). "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400). "If a

claimant has proceeded through all four steps on the merits . . . § 405(g) entitles him to judicial review in federal district court." *Id.* Thus, two elements are necessary to enable a federal district court to review decision of the Commissioner pursuant to § 405(g): (1) the Commissioner must issue a final decision; and (2) the claimant must exhaust his administrative remedies. *Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.318, 320 (6th Cir. 1991).

Neither element is met in this case. As Defendant correctly notes, the basis of Plaintiff's request for review is unclear. Plaintiff may be asserting a disagreement with past-due benefits following the ALJ's June 9, 2010 decision, he may be seeking an award of "Child Surviv[o]rs In[surance]" benefits (ECF No. 1 at PageID.1), or he may want something else. In any event, as Plaintiff did not exhaust his administrative remedies with the Commissioner prior to filing suit and the Commissioner has not issued a final decision, the Court lacks jurisdiction over Plaintiff's complaint.

## **Conclusion**

For the foregoing reasons, the Court lacks jurisdiction over this matter. Defendant's motion will be granted.

A separate order will enter.


Dated: November 20, 2019                                /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge